# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. MCNALLY,<br><br>                Plaintiff,<br><br>v.<br><br>DANIEL RIIS,<br><br>                Defendant. | Case No.: 18-CV-1150 JLS (AGS)<br><br>**ORDER OF RECUSAL** |

Presently before the Court are affidavits filed by Defendant Daniel Riis (Affidavit of Daniel Riis ("Riis Affidavit"), ECF No. 82-1) and Defendant's counsel Casey Sweda (Affidavit of Casey M. Sweda ("Sweda Affidavit"), ECF No. 82).[1] Defendant's affidavits state that the Court harbors personal bias against Defendant in this matter. Defendant argues that because of that bias, the Court's impartiality may reasonably be questioned and disqualification under 28 U.S.C. § 144 or recusal under 28 U.S.C. § 455(a) is required. Plaintiff filed an Objection to Defendant's Request for Recusal or Disqualification (ECF No. 83).

---

[1] Because both affidavits contain the same factual assertions, the Court will cite primarily to the Sweda Declaration for ease of reference.

1

## BACKGROUND

This case came before the Court on June 3, 2018, when Plaintiff Gregory McNally filed his complaint against the only defendant in this matter, San Diego Police Detective Daniel Riis. *See generally* ECF No. 1. Plaintiff alleges Defendant arrested him without probable cause and used excessive force during the arrest causing personal injury. *See generally id.* The case proceeded through discovery and settlement negotiations without any motions coming before this Court. *See generally* Docket. The Court held a pretrial conference on October 10, 2019, *see* ECF No. 41, and on January 9, 2020, the Court held a hearing on the Parties' motions *in limine*. *See* ECF No. 74. At the hearing, the Court issued tentative rulings; the Court finalized those rulings in its January 14, 2020 Order. *See* ECF No. 78. On January 15, 2020, the Court held a second pretrial conference to finalize details for the trial set to begin less than a week later. *See* ECF No. 81. At the outset of that hearing, Defendant's counsel, Ms. Sweda, informed the Court she would be filing the present affidavits and requested the Court's disqualification or recusal from this case.

Defendant's request stems from two cases involving the Court's adult son, Jonathan Sammartino ("Jonathan"). On February 11, 2016—over two years before this case was filed—Jonathan filed a civil lawsuit against the City of San Diego. Sweda Aff. ¶ 6(a). Jonathan brought the case against the City after suffering a traumatic brain injury as a result of a bicycle accident that was allegedly caused by a dangerous condition of public property. *Id.* ¶ 8(a–d). In September 2018, Jonathan was arrested following an investigation by the San Diego Police Department. *Id.* ¶ 9(a). Jonathan sought mental health diversion in lieu of trial on the basis that the brain injury caused by the bicycle accident "severely affect[ed] his ability to regulate his emotions and make reasonable judgment." *Id.* ¶ 9(e).

As stated in the affidavits, on the night giving rise to the allegations in this case, Detective Jeremiah Lutz was present at the scene and witnessed some of the events that night. *Id.* After the incident, in January 2018, Detective Lutz was transferred to the unit that led the criminal investigation of Jonathan, although Detective Lutz was never assigned to Jonathan's criminal case. *Id.* ¶ 31

## LEGAL STANDARD

Under Section 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144 provides that a judge must recuse "whenever a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "Those provisions require recusal where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). Under both provisions, the reviewing court must determine whether the request to recuse is both timely and sufficient. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (holding requests to recuse under section 455(a) must be timely); 28 U.S.C. § 144 (noting affidavits must be "timely and sufficient").

## DISCUSSION

Although the Court harbors some reservations regarding the timeliness of Defendant's affidavit, the Court will accept Defendant's assertions and assume timeliness for the purpose of this Order.

Next, the Court finds the allegations are sufficient to find that "a reasonable person with knowledge of all the facts would conclude that [the Court's] impartiality might reasonably be questioned." *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). Defendant contends that the Court is biased against Defendant because: (1) Jonathan has pending civil litigation against the Defendant's employer, the City of San Diego; (2) Jonathan was investigated and criminally charged by Defendant's employer, the San Diego Police Department; (3) Jonathan alleges a connection between his criminal conduct and the injuries he allegedly sustained due to the condition of City streets; and (4)

///

///

a defense witness in this lawsuit is assigned to the San Diego Police unit that investigated Jonathan.[2]  Sweda Aff. ¶¶ 3, 44.

When each of the cases involving Jonathan began, the Court thoroughly examined the cases pending before it and determined that, at that time, there was no possibility of bias.  The underlying factual circumstances of the cases were not similar in any way.  And although the City of San Diego and the San Diego Police Department were involved in all the cases to some degree, they involved separate departments and did not involve the same officers or deputy city attorneys.  For that reason, the Court determined that the Court's impartiality could not be reasonably questioned and that disclosure was not necessary.  *See United States v. Bosch*, 951 F.2d 1546, 1555 n.6 (9th Cir. 1991) ("Section 455 imposes no duty to disclose *per se*.").  As the Court stated at the pretrial hearing, the Court is confident that it harbors no animus toward the City of San Diego or the San Diego Police, that no actual personal bias against Defendant exists, and that the Court has and could continue to remain impartial at all times while presiding over this case.

Even though the Court has no actual bias or prejudice against Defendant, the City of San Diego, the San Diego Police Department, or any potential witness, after painstakingly reviewing the facts and circumstances involved in this case, the Court has concluded that recusal is appropriate.  Confidence in the judiciary and the appearance of impartiality is of the upmost importance to our system of justice.  This does not mean that a judge should recuse given any allegation of impartiality—a judge has "as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).  But when it is a close call as

---

[2] Defendant also seems to imply that because Jonathan is represented by an attorney who has filed multiple complaints against the City of San Diego and San Diego Police officers, the Court has personal animus against the City of San Diego and San Diego Police officers.  Sweda Aff. ¶ 9(g)(i–xiv).  These assertions, however, fall into the category of "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion and similar non-factual matters" that are not sufficient to require recusal. *Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

to "whether a reasonable person would conclude that that the judge's impartially might be reasonably questioned," *Herrington v. Cty. of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987), as the Court now believes this case may be, "the balance tips in favor of recusal." *Holland*, 519 F.3d at 912.  Therefore, out of an abundance of caution and to avoid even the possibility of an appearance of impropriety, the Court concludes that recusal is appropriate under section 455(a).

## CONCLUSION

Accordingly, the undersigned **HEREBY RECUSES** from this case and **REQUESTS** that another District Judge be assigned.

**IT IS SO ORDERED.**

Dated: January 31, 2020

Hon. Janis L. Sammartino
United States District Judge